UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

GENESIS NYC ENTERPRISES INC.,
d/b/a TECNO GROUP USA, a New York
corporation,

    Plaintiff,
vs.

JAI GROUP, SA., a foreign corporation,
and TS WATCHES INTERNATIONAL SA, INC.,
a foreign corporation,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
FOR TRADEMARK INFRINGEMENT**

    Plaintiff, GENESIS NYC ENTERPRISES, INC. d/b/a TECNO GROUP USA ("TECNO GROUP"), a foreign profit corporation, by and through their undersigned counsel, hereby files this Complaint against the Defendants, JAI GROUP, S.A., ("JAI GROUP"), a foreign profit corporation, and TS WATCHES INTERNATIONAL SA, INC., ("TS WATCHES"), and allege as follows.

**THE PARTIES**

    1.    TECNO GROUP is a New York corporation doing business in Florida with a principle place of business in New York City, New York.

    2.    Defendant, JAI GROUP, is a foreign for-profit corporation located in Panama, with a principal place of business in Panama.  TS WATCHES is a foreign for-profit

corporation located in Panama and is registered to business in the state of Florida, with a principal place of business in Miami-Dade County, Florida.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114; false designation of origin under 15 U.S.C. § 1125(a); unfair competition under 15 U.S.C. § 1125(a); and for related claims of common law trademark infringement and unfair competition under Florida law. This Court has subject matter jurisdiction over the claims that relate to the Lanham Act pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

4. This Court has supplemental jurisdiction over the claims in this Complaint which arise under Florida law, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

5. Venue is appropriate in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c).

6. This Court has specific jurisdiction over the Defendants under Florida Statute § 48.193(1)(a)(2) as this cause of action arises out of the Defendants' commission of tortious acts within Florida.

7. TECNO GROUP'S claims arise out of or relate to at least one of Defendants' contacts with the state of Florida. Specifically, Defendants have intentionally misappropriated TECNO GROUP'S trademark and goodwill by distributing and selling products bearing and featuring TECNO GROUP'S incontestable "TECNO SPORT MARK," as

defined below. This intentional conduct has resulted in contact with Florida in the form of TECNO GROUP'S injury.

8. Defendants have purposefully availed themselves of Florida's laws and protections by manufacturing and selling infringing products in the state of Florida.

9. Jurisdiction in Florida comports with traditional notions of fair play and substantial justice because Florida has an interest in protecting trademarks registered and used in commerce from infringement by corporations located and doing business in Florida.

**GENERAL ALLEGATIONS**

10. TECNO GROUP manufactures, distributes and sells watches under the federally registered trademark TECNO SPORT (the "TECNO SPORT MARK").

A. **Tecno Group's Federally Registered Marks**

11. TECNO GROUP owns and holds Federal Registration No. 3377485, filed April 12, 2007 and registered February 5, 2008, for the word mark TECNO SPORT™ in International Class 014, United States Class 2, 27, 28, and 50, for goods and services, namely, watches. A true and correct copy of the certificate of registration is attached as Exhibit A. The registration has acquired Incontestable status pursuant to §§ 8 and 15 of the Lanham Act by virtue of continuous use in commerce for five consecutive in commerce for all of the goods specified under International Class 014, namely watches. TECNO GROUP also owns and holds the registration No. 7358012 filed November 2, 2012 and registered June 25, 2013, for the text TS (stylized). A true and correct copy of the certificate of registration is attached hereto as Exhibit B.

12. Through long and successful marketing and distribution practices, TECNO GROUP has developed a reputation for quality, design and reliability as a designer, producer and seller of watches. TECNO GROUP has expended considerable time, effort, expertise and money in developing and marketing its products under the TECNO SPORT MARK. TECNO GROUP has marketed their watches to various companies, sellers, and wholesalers, including exhibiting TECNO SPORT watches at trade shows throughout the United States. TECNO GROUP exhibits TECNO SPORT watches at trade shows, such as the Jewelry International Showcase tradeshow at the Miami Beach Convention Center in Miami Beach, Florida.

**B.  Jai Group's Failed Efforts to Register Confusingly Similar Marks**

13. Defendants have sold and offered to sell watches bearing confusingly similar marks in the United States and Florida since approximately 2013. Specifically, Defendants are actively marketing and selling watches in Florida and elsewhere in the United States that bear and feature the mark "TECHNOSPORT."

14. At all material times, Defendants have known and understood that their sale of watches bearing and featuring the word "TECHNOSPORT" infringed Plaintiff's TECNO SPORT MARK.

15. Defendant JAI GROUP, S.A. has applied to the USPTO for registration of the word mark TST TECHNOSPORT (stylized), application serial number 85935843, filed May 17, 2013. A true and correct copy of the trademark application status and related documents is attached hereto as composite Exhibit C.

16. In an Office Action dated September 9, 2013, the Examining Attorney for the USPTO advised Defendant gave notice that application serial no. 85935843 for the mark

TST TECHNOSPORT had been refused on grounds of the likelihood of confusion with Plaintiff's mark TECNO SPORT for watches, registration No. 3377485. See Exhibit C at page 118-121. Counsel for Plaintiff gave written notice of the same to Defendant on June 2, 2014. See letter dated June 2, 2014 attached hereto as Exhibit E. In an Office Action dated April 27, 2015, Defendant was given notice by the USPTO that their application for the mark TST TECHNOSPORT was again refused on grounds that it was confusingly similar to Plaintiff's. Exhibit C at pages 39-42. In a Final Office Action dated June 10, 2015, the USPTO again gave Defendant JAI GROUP, S.A. notice that their application was rejected on the grounds of likelihood of confusion with Plaintiff's TECNO SPORT MARK. See Exhibit C at pages 5-9.

17. On May 21, 2013, JAI GROUP, S.A. filed an application for registration of the word mark TECHNOSPORT (stylized), application serial number 85937749 and filed May 21, 2013. A true and correct copy of the trademark's application status and related documents is attached hereto as Composite Exhibit D.

18. On February 6, 2015, the Examining Attorney for the USPTO gave notice in an Office Action stating grounds for refusal of Defendant's application, serial number 85937749, for the mark TECHNOSPORT, due to likelihood of confusion with Plaintiff's registered mark TECNO SPORT, serial no. 3377485. See Exhibit D at pages 38-41. In a Final Office Action dated June 20, 2015, the USPTO gave Defendant JAI GROUP, S.A. notice of the final refusal of their application on the basis of likelihood of confusion with Plaintiff's TECNO SPORT MARK. See Exhibit D at pages 4-7.

19. Despite continued and repeated notice as early as September 9, 2013 that Defendant JAI GROUP S.A.'s marks were confusingly similar to Plaintiff's, Defendants have continued to sell watches bearing the infringing marks in the United States. Defendant TS

WATCHES maintains a website, www.ts-watches.com, which sells watches bearing the infringing marks in the United States. See web page titled "About Us" attached hereto as Exhibit F listing of available watches attached hereto as Exhibit F; web page displaying catalog of watches attached as Exhibit G; and web page displaying countries where Defendant's products are sold attached hereto as Exhibit H. Defendant lists on their web site a number of retail stores where their watches are available for purchase, including four stores in Miami, Florida; four other stores located in South Florida; one store in Austin, Texas; and two additional online retailers. See web page listing United States retailers attached as Exhibit I.

20.   Defendant TS WATCHES, with the knowledge and participation of Defendant JAI GROUP, S.A., is currently exhibiting watches bearing the infringing marks at the Jewelry International Showcase tradeshow at the Miami Beach Convention Center, October 15th through 18th, 2015, in Miami Beach, Florida.[1] See Affidavit of Counsel attached hereto as Exhibit J.

21.   TECNO GROUP has no adequate remedy at law for the acts of infringement and other unlawful acts described herein, which acts have caused and, unless enjoined, will continue to cause damage and irreparable injury to TECNO GROUP.

22.   Upon information and belief, Defendant's acts described herein were intentional, deliberate, and willful. Defendants began branding and selling their Technosport watches a full six years after TECNO GROUP'S adoption, use and registration of the TECNO SPORT MARK. Defendants have had notice of the likelihood of confusion

---

[1] Plaintiff has filed their Emergency Ex Parte Motion for Preliminary Injunction contemporaneously with this Complaint to halt Defendant's continue infringement of Plaintiff's trademarks at the Jewelry International Showcase tradeshow, which is ongoing through October 18, 2015.

between TECNO GROUP'S TECNO SPORT MARK and their own TST TECHNOSPORT and TECHNOSPORT marks as early as September 2013. The substantial similarity in TECNO GROUP'S and Defendants' product lines and Defendants' adoption and use of an essentially identical mark support the conclusion that Defendants have acted with the intent to appropriate themselves of TECNO GROUP'S goodwill as embodied in its TECNO SPORT MARK.

## COUNT I
### Trademark Infringement of the TECNO SPORT MARK
### in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114

23.    TECNO GROUP incorporates and realleges the allegations contained in paragraphs 10 through 22 above as if fully set forth herein.

24.    TECNO GROUP owns the valid, federally registered and incontestable TECNO SPORT MARK.

25.    TECNO GROUP has expended considerable resources marketing, advertising, and promoting its goods under the TECNO SPORT mark in interstate commerce.

26.    TECNO GROUP'S exclusive and extensive promotion of the TECNO SPORT MARK and the goodwill associated with its use has earned this trademark considerable value and caused it to become well known as identifying and distinguishing TECNO GROUP exclusively and uniquely as the sole source of watches bearing the TECNO SPORT MARK.

27.    Notwithstanding TECNO GROUP'S rights in the TECNO SPORT MARK, with notice of TECNO GROUP'S federal registration rights, and without the authorization of TECNO GROUP, Defendants have and they continue to distribute, advertise, offer to sell, and sell in interstate commerce watches that are substantially similar or identical to Plaintiff's goods under an essentially identical mark.

28. Defendants' imitation, duplication, and unauthorized use of the TECNO SPORT MARK has caused and is likely to continue to cause confusion, deception, and mistake among the consuming public by creating the erroneous impression that the goods sold, offered for sale, distributed, or advertised by Defendants have been manufactured, approved, sponsored, endorsed, guaranteed by, or is in some way connected with TECNO GROUP.

29. Defendants have committed and are continuing to commit trademark infringement in violation of 15 U.S.C. § 1114.

30. Upon information and belief, Defendants' acts of infringement have been and will continue to be intentional, willful, deliberate, malicious, and have been committed with actual and constructive knowledge of the TECNO SPORT MARK.

**COUNT II**
**False Designation of Origin of the TECNO SPORT MARK**
**in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

31. TECNO GROUP incorporates and realleges the allegations in paragraphs 10 through 22 as if fully set forth herein.

32. Defendants' conduct constitutes use of false designation of origin, false representations, wrongfully and falsely designates Defendant's products as originating from or otherwise being connected with TECNO GROUP'S products, and constitutes the utilization of false descriptions or representations in interstate commerce likely to confuse, mislead, or deceive purchasers or potential purchasers.

33. Defendants' false designation of origin and a false description of goods have caused and are causing damage to TECNO GROUP, or they are likely to cause such damage in violation of 15 U.S.C. § 1125(a).

## COUNT III
## Common Law Trademark Infringement of the TECNO SPORT MARK

34. TECNO GROUP restates the allegations in paragraphs 1 through 22 as if fully set forth herein.

35. Defendants' imitation, copying, and unauthorized use of the TECNO SPORT MARK has caused and is likely to cause confusion, deception, and mistake among the consuming public and trade by creating the erroneous impression that the goods or services sold, advertised, offered for sale, or distributed by Defendant have been manufactured, approved, sponsored, endorsed, guaranteed by, or are in some way affiliated with TECNO GROUP.

36. Defendants have committed, are presently committing, are presently engaged in, and, upon information and belief, will continue to commit common law trademark infringement.

## COUNT IV
## Common Law Unfair Competition

37. TECNO GROUP restates the allegations in paragraphs 1 through 22 as if fully set forth herein.

38. Defendants' conduct is likely to confuse, mislead, or deceive purchasers or potential purchasers, and constitutes common law unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the unlawful acts and conduct on the part of Defendants, TECNO GROUP respectfully prays that this Court will grant relief including the following:

  A. Adjudge that TECNO GROUP's mark has been infringed, as a direct and proximate result of the acts of Defendants, as set forth in this Complaint, in violation of TECNO GROUP'S rights at common law and under the Federal Lanham Act;

  B. Adjudge that Defendants has competed unfairly with TECNO GROUP in violation of its rights under common law and 15 U.S.C. § 1125(a);

  C. Adjudge that Defendants and each of their officers, directors, employees, agents, representatives, attorneys, successors, assigns, and any person(s) in active concert or participation with any of them, or any persons acting for, with, by, through, or under any of them be enjoined and restrained temporarily, preliminarily, and permanently, including both the pendency of this action and thereafter as follows:

   1. From any packaging, importing, selling, offering for sale, distributing, advertising, or promoting any goods including, without limitation, watches and other related products identified by means of printing, labeling, or any other marketing that includes the TECNO SPORT MARK, or any word or symbol confusingly similar thereto;

   2. From using any words or symbols which so resemble the TECNO SPORT MARK as to be likely to cause confusion, mistake or deception, in connection with the manufacture, importation, sale, offering for sale, distribution, advertisement or promotion of any product;

   3. From using any word, term, name, symbol, device, or combination thereof which causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or their goods

MATT ALLEN LAW, PLLC
305.764.0404 ⋈ 9900 SW 107th Ave., Ste. 101, Miami, FL 33176 ⋈ www.mattallenlaw.com

with TECNO GROUP, or as to the origin of any of Defendants' goods, any false designation of origin, false or misleading description or representation of fact;

    4.    From further infringing TECNO GROUP'S rights in and to the TECNO GROUP MARK, or otherwise damaging the goodwill or business reputation of TECNO GROUP;

    5.    From otherwise unfairly competing with TECNO GROUP;

    6.    From further diluting the distinctive quality of the TECNO GROUP MARK; and

    7.    From continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

    D.    Adjudge that TECNO GROUP recover from Defendants its damages and lost profits in an amount to be proven at trial, that Defendants be required to account to TECNO GROUP for any profits that are attributable to Defendants' illegal acts, and that TECNO GROUP be awarded the greater of either: (1) three times Defendants' profits; or (2) any damages sustained by TECNO GROUP under 15 U.S.C. § 1117, plus prejudgment and postjudgment interest; or, alternatively, that TECNO GROUP be awarded statutory damages pursuant to 15 U.S.C. § 1117(c), plus prejudgment and postjudgment interest;

    E.    Adjudge that TECNO GROUP be awarded its costs and disbursements incurred in connection with this action including TECNO GROUP'S reasonable attorney's fees and investigative expenses on the grounds that this in an exceptional case under 15 U.S.C. § 1117;

F.  Adjudge that Defendants, within thirty days after service of the Judgment demanded herein, be required to file with this Court and serve upon TECNO GROUP'S undersigned counsel, a written report under oath setting forth in detail the manner in which Defendants have complied with this Judgment; and

G.  Adjudge that all such other relief be awarded to TECNO GROUP as this Court deems just and proper.

Respectfully submitted this October 16, 2015,

> MATT ALLEN LAW PLLC
> 9900 SW 107th Ave., Ste. 101
> Miami, Florida 33176
> 305.764.0404
> MattAllen801@gmail.com
> www.mattallenlaw.com
>
> By _____
>     Matthew J. Allen
>     Florida Bar No. 88524