UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-23877-KMM

GENESIS NYC ENTERPRISES, INC., d/b/a
TECNO GROUP, USA,

    Plaintiff,

v.

JAI GROUP, SA, a foreign profit corporation,
and TS WATCHES INTERNATIONAL,
SA, INC.,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE came before the Court upon Defendant TS Watches International, SA, Inc.'s ("TS Watches") Motion to Dismiss Plaintiff's Complaint (ECF No. 35). Plaintiff Genesis NYC Enterprises, Inc. ("Plaintiff") filed a Response (ECF No. 36) and TS Watches replied (ECF No. 39). Therefore, the Motion is ripe for review. Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court grants Defendant's Motion to Dismiss.

**I.    BACKGROUND**

Plaintiff, a New York corporation, is engaged in the business of manufacturing, distributing, and selling watches under the federally registered trademarks TECNO SPORT and the stylized text, TS (the "Disputed Marks"). Compl. ¶ 10 (ECF No. 1). According to the Complaint, Defendants TS Watches and Jai Group, SA ("Jai Group") have engaged in a pattern of systematic use and marketing of the Disputed Marks, thus infringing on Plaintiff's intellectual property rights. *See generally id.*

On October 16, 2015, Plaintiff filed a four-count Complaint against Defendants alleging trademark infringement under the Lanham Act (Count I), false designation of origin (Count II), common law trademark infringement (Count III), and common law unfair competition (Count IV). *See generally* Compl. TS Watches filed a Motion to Dismiss (ECF No. 21) in response to the Complaint. Based on the parties' failure to file a joint scheduling report, the Motion was denied as moot. *See* Order (ECF No. 29). Shortly thereafter, the parties complied with the Court's order to file a joint scheduling report and TS Watches filed a Renewed Motion to Dismiss Plaintiff's Complaint (ECF No. 35). The Court now turns to TS Watches' motion.[1]

## II.  STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. When considering a motion to

---

[1] Rule 4(h) describes the procedures for service of process of foreign corporations. Fed. R . Civ. P. 4(h). Pursuant to Rule 4, if a foreign corporation is served outside of a district of the United States, Rule 4(h)(2) directs that service be made pursuant to Rule 4(f), which allows for service "by any internationally agreed means of service that is reasonably calculated to give notice," such as the Inter-American Convention on Letters Rogatory, 28 U.S.C. § 1781 (1998), *et seq*. *See* Fed. R. Civ. P. 4(f)(1). Plaintiff has not served the Complaint on Jai Group, a foreign corporation based in Panama, which is a signatory to the Inter-American Convention. The Court finds that there is no reason to excuse Plaintiff's failure to effectuate proper service. Plaintiff has had approximately seven months to serve Jai Group and has not explained why it could not successfully effectuate service. Moreover, Plaintiff did not file a motion to effectuate service pursuant to Rule 4(f)(3) or otherwise evince an intent to do so. In essence, Plaintiff has merely rested on its laurels for far too long on the issue of service of process. Accordingly, the cause of action must be dismissed without prejudice against Jai Group as the Court lacks jurisdiction over that defendant. *See Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.") (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)).

dismiss, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). However, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

A complaint must also contain enough facts to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. DISCUSSION

TS Watches now moves to dismiss this action on the basis that: (1) Plaintiff lacks standing; (2) the Court lacks personal jurisdiction over TS Watches; (3) improper venue; and (4) failure to state a claim. Plaintiff responds by arguing that all of proposed grounds for dismissal are based upon misrepresentations of fact and misstatements of law. However, accepting the allegations in the Complaint as true, the Court finds that TS Watches' Motion to Dismiss should be granted as the Complaint is an impermissible shotgun pleading.

#### A. **Deficiencies of Shotgun Pleadings**

Complaints that violate Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often and widely referred to as shotgun pleadings. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008); *Weinstein v. City of N. Bay Vill.*, 977 F. Supp. 2d 1271,

3

1285 (S.D. Fla. 2013). Courts of this Circuit have consistently found the use of such pleadings an impediment to the efficient administration of the judicial system. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014) (discussing "the persistence of the shotgun pleading problem"); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently.").

In *Weiland*, the Eleventh Circuit recently expressed its increased frustration with the use of shotgun pleadings by attorneys and litigants. *Weiland*, 792 F.3d at 1321–23. Recognizing its "thirty-year salvo of criticism aimed at shotgun pleadings," the Eleventh Circuit sought to provide clarity and consistency to the issue by outlining the four categories where these pleadings often fall within:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* Each of these categories share a "unifying characteristic" in that "they fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

  **B.** <u>**Plaintiff's Complaint is an Impermissible Shotgun Pleading**</u>

Plaintiff's Complaint is a quintessential shotgun pleading that runs afoul of Federal Rules of Civil Procedure 8(a) and 10(b). Although each count of the Complaint does not incorporate

by reference the allegations of all preceding counts, it does exhibit the other fatal characteristics identified in the three remaining *Weiland* categories. *Id.* at 1321–23. In its current state, the Complaint undoubtedly places an onerous burden on the Court's ability to discern the specific bases of the claims against each defendant. Additionally, the fact that the Complaint is rife with vague and conclusory assertions only serves to highlight that Plaintiff has failed to allege its claims against the Defendants with sufficient clarity to enable them to properly frame a response.

The overwhelming flaw in the Complaint is that it fails to distinguish precisely what each defendant is alleged to have done sufficiently enough to give Defendants fair notice. *See LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 819 (11th Cir. 2015) (noting a "classic shotgun pleading" exists when a plaintiff's complaint "mak[es] it impossible to identify which particular defendant engaged in what allegedly wrongful conduct"). For example, Plaintiff's general allegations initially focus on Jai Group's alleged infringing conduct, but then each count and the remainder of the general allegations confusingly refer to Defendants collectively. Plaintiff attempts to overcome this failure to distinguish each defendant's liability by offering a conclusory allegation that "TS Watches, with the knowledge and participation of Defendant Jai Group" exhibited watches bearing the Disputed Marks at a tradeshow in Miami Beach in October 2015. Compl. ¶ 20.

This is purely a matter of form over substance and does not satisfy federal pleading requirements. *See, e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *see also Kabbaj v. Obama*, 568 F. App'x 875, 880 (11th Cir. 2014) (finding improper shotgun

pleading where "the complaint refers to the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct"); *Yahav Enters. LLC v. Beach Resorts Suites LLC*, No. 1:15-CV-22227-KMM, 2016 WL 111361, at *3 (S.D. Fla. Jan. 11, 2016) (dismissing with prejudice complaint that failed to "provide each of the Defendants with fair notice of the basis for the allegations against it").

As a general matter, many of the allegations in the Complaint are only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that "do not suffice" to state plausible claims. *See Iqbal*, 556 U.S. at 678. The crux of Plaintiff's quest for relief stems from its ownership of the Disputed Marks and Defendants alleged infringing activities. Yet, in its current form, the Complaint offers nothing more than "an unadorned, the-defendant-unlawfully harmed me accusation" which is insufficient to meet Rule 8's pleading requirements. *Id.* at 677.

A prime example of this pleading deficiency is Count IV of the Complaint. In seeking relief for common law unfair competition, Plaintiff alleges that "Defendants' conduct is likely to confuse, mislead, or deceive purchasers or potential purchasers, and constitutes common law unfair competition." Compl. ¶ 38. Although detailed factual allegations are not required, Plaintiff must allege sufficient facts, not mere conclusory allegations, in a manner that comports with the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 557; *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that "a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement'") (quoting *Iqbal*, 556 U.S. at 678).

When a complaint is identified as an impermissible shotgun pleading it is often suggested that the proper remedy is for a court to exercise its inherent power and order repleading *sua sponte*, rather than outright dismiss the case. *Wagner*, 464 F.3d at 1280; *Magluta*, 256 F.3d at

6

1284 & n.3.  However, this rule does not apply to situations where a plaintiff, represented by counsel, did not file a motion for leave to amend the operative complaint.  *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *see also Kwok v. Delta Air Lines Inc.*, 578 F. App'x 898, 902 (11th Cir. 2014) (finding district court did not abuse its discretion in dismissing complaint where plaintiff represented by counsel did not request leave to amend).

The Eleventh Circuit has made clear that shotgun pleadings "harm the court by impeding its ability to administer justice."  *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001); *see also Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).  Filings of this nature place an undue burden on court's dockets and deprives them of time that "should be devoted to other cases waiting to be heard."  *Byrne*, 261 F.3d at 1131.  But, courts are not the only ones to suffer.  Experience also teaches us that "unless cases are pled clearly and precisely, . . . [a] trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996); *see also Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) (recognizing that in cases with shotgun pleadings "justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard").  Lastly, shotgun pleadings run counter to the spirit of the Federal Rules, which is "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

Plaintiff's Complaint is riddled with deficiencies that ignore the scope of the Eleventh Circuit's directive against shotgun pleadings.  One need not wave a Winchester to have their day in court.  A more targeted approach will do.

## IV.    CONCLUSION

Although any amendment by Plaintiff is likely futile, the Court declines to resort to the harsh sanction of dismissing this cause of action with prejudice.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  Should Plaintiff choose to refile this action, any such submission must conform with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida, relevant case law, and be brought before the undersigned.

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1.    TS Watches' Motion to Dismiss Plaintiff's Complaint (ECF No. 35) is GRANTED WITHOUT PREJUDICE.

2.    Plaintiff's Complaint (ECF No. 1) as against Jai Group is DISMISSED WITHOUT PREJUDICE.  The Clerk of Court shall terminate those defendants from this case.

3.    The Clerk of Court is instructed to CLOSE the case.

DONE AND ORDERED in Chambers at Miami, Florida, this  20th  day of April, 2016.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:    All counsel of record